**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**TELEBRANDS CORP.,**

                    **Plaintiff,**

      **-against-**

**HM IMPORT USA CORP.,**

                    **Defendant.**
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**09-CV-3492 (ENV)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a letter dated March 1, 2010 ("3/1/10 Pl. Letter"), from counsel for plaintiff Telebrands Corp. ("plaintiff") to the undersigned magistrate judge, requesting (1) an order compelling defendants HM Import USA Corp. ("HM Import") and Junwu Zhang (collectively, "defendants") to provide substantive responses to two interrogatories (Nos. 2 and 3) and two document demands (Nos. 53 and 54); and (2) a premotion conference with respect to plaintiff's proposed motion to attach defendants' assets. See 3/1/10 Pl. Letter at 1, ECF Docket Entry ("D.E.") #45.  In addition to responding to plaintiff's letter, defendants also complain of plaintiff's failure to supplement its discovery responses. See Letter from Defense Counsel to Magistrate Judge Mann (March 3, 2010) ("3/3/10 Def. Letter") at 2-3, D.E. #46.

For the reasons that follow, plaintiff's discovery motion is denied; plaintiff's request for a premotion conference should be addressed to Judge Vitaliano; plaintiff is directed to supplement its discovery responses by March 5, 2010.

**DISCUSSION**

The four disputed discovery demands cited by plaintiff concern defendants' financial positions, from 2008 to the present. See 3/1/10 Pl. Letter at 2; id. Ex. 1, 2.[1] Plaintiff contends that the discovery sought is relevant to the Preliminary Injunction Order On Consent, which preliminarily enjoins defendants "from transferring or disposing of any assets for the purpose of hiding such assets." Preliminary Injunction Order on Consent ¶ xii, D.E. #25; see 3/1/10 Pl. Letter at 2. Plaintiffs complain that "Defendants have not cited any authority for their assertion that discovery of Defendants' finances is unavailable until after entry of judgment." Id. at 3. Nevertheless, *plaintiff's* application is devoid of citations to any authority in support of plaintiff's demands for prejudgment discovery of defendants' finances.

In response to plaintiff's application, defendants repeat their argument that "[p]re-judgment disclosure is usually not available to determine assets available to pay a judgment; it is only available if it implicates specific elements of a claim." 3/3/10 Def. Letter at 2 (citing Metal Mgt. Inc. v. Schiavone, 514 F.Supp.2d 227, 239-40 (D. Conn. 2007); Sequa Corp. v. Gelmin, No. 91 Civ. 8675 (DAB), 1995 WL 404726, at *2-3 (S.D.N.Y. July 7, 1995)). Defendants have correctly summarized the legal principles applicable to this dispute. As the court explained in Sequa Corp.:

> As a general rule, discovery concerning an adversary party's assets is not permitted during the course of the litigation unless it is relevant to the merits of a claim.

---

[1] Although both sides refer to discovery demanded from "defendants," the document demands and interrogatories attached to plaintiff's application are addressed to defendant HM Import. See 3/1/10 Pl. Letter Ex. 1, 2. The Court assumes that a similar set was served on the individual defendant.

> Rather, such discovery is properly reserved for post-judgment
> proceedings, when a judgment creditor seeks the information necessary
> to permit it to enforce the judgment. *See* Fed.R.Civ. P. 69(a).

1995 WL 404726, at *2-3 (collecting cases); accord Metal Mgt., 514 F.Supp.2d at 239-40.

Plaintiff does not contend that in this case, the disputed discovery is relevant to the parties' claims or defenses. Rather, plaintiff asserts that it needs the information to determine whether defendants have violated the Preliminary Injunction Order on Consent. See 3/1/10 Pl. Letter at 2-3. Notably, the document drafted by the parties and so-ordered by the Court contains no language whatsoever regarding plaintiff's entitlement to discovery in order to police defendants' compliance with that injunction. Nor has plaintiff made any showing to suggest that defendants have transferred or disposed of any assets for the purpose of concealing them, in violation of the Preliminary Injunction Order on Consent. Under these circumstances, plaintiff's motion for a compulsion order is denied.[2]

Lastly, defendants complain that despite the Court's approval of the parties' Stipulation and Protective Order on February 4, 2010, see D.E. #41, plaintiff still has not supplemented its discovery responses with documents and information designated thereunder as confidential. See 3/3/10 Def. Letter at 2. According to defendants, plaintiff's counsel indicated they would

---

[2] Plaintiff makes no claim that the discovery sought is relevant to plaintiff's contemplated motion for an attachment. In the posture of this case, any such argument would be unpersuasive. Although the discovery demands were served in November and December 2009, it was not until this past Monday, in moving for a compulsion order, that plaintiff requested a premotion conference concerning a planned motion for an attachment. Absent some further showing with regard to plaintiff's right to an attachment, plaintiff's request for a premotion conference should not serve as a bootstrap for obtaining discovery that otherwise would not be available until after judgment.

comply "this week." Id.  They are ordered to do so by close of business on March 5, 2010.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a compulsion order is denied; plaintiff shall supplement its discovery responses by March 5, 2010.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 3, 2010**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**